**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDIAN XU,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.    17-71288<br><br>Agency No. A200-259-316<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2019
Honolulu, Hawaii

Before:  GRABER, M. SMITH, and WATFORD, Circuit Judges.

Petitioner Wendian Xu, native and citizen of China, petitions for review of

the Board of Immigration Appeals (BIA)'s order affirming the Immigration Judge

(IJ)'s denial of Xu's application for asylum and withholding of removal.  We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA's adverse credibility determination is supported by substantial

evidence.  *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  Xu's

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

testimony and documentation regarding being a chemistry teacher were inconsistent with his household register listing his occupation as a leather goods company quality controller. The BIA's interpretation of Xu's limited ability to name modern chemists and failure to mention "carbon" when asked the difference between organic and inorganic chemistry was not unreasonable. The BIA did not fail to consider Xu's corroborating evidence regarding being a chemistry teacher because it incorporated the portion of the IJ's decision calling that evidence into question. Xu has failed to show that "any reasonable adjudicator would be compelled to conclude" that either he was in fact a chemistry teacher, or that his testimony was nevertheless credible on all other points. 8 U.S.C. § 1252(b)(4)(B). The inconsistency forming the basis for an adverse credibility determination need no longer "go to the heart" of the claim for relief. *Shrestha*, 590 F.3d at 1043.

In light of this adverse credibility finding, substantial evidence supports the BIA's conclusion that Xu is not eligible for asylum or withholding of removal. The record does not compel the conclusion that Xu's documentary evidence was sufficient independently to establish that Xu had past problems with the Chinese authorities.[1] Absent evidence of such past problems, the record does not compel

---

[1] Even accepting Xu's argument that there was no actual inconsistency between the 2015 letter from Xu's mother and Xu's own testimony regarding the frequency of police visits, the record does not compel the conclusion that Xu's mother's letters, the letter from Brother Liang, or Xu's medical documents, were sufficient standing alone to support Xu's claim.

the conclusion that Xu has a "well-founded fear of persecution" based solely on his current religious practice in the United States or on the general treatment of Christians in China. *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (quoting 8 U.S.C. § 1101(a)(42)(A)). For the same reasons, the record does not compel the conclusion that "it is more likely than not that [Xu] would be subject to persecution" if returned to China. *Id.* (quoting *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001)).

**Petition DENIED.**